## Lisle v. Byars.

(Decided June 22, 1923.)

### Appeal from Fayette Circuit Court.

1. Brokers—Burden is on Owner to Show Agreement Fixing Maximum Price of Farm.—In an action to recover the amount due plaintiff under an agreement whereby he was to share the profits from the purchase and resale of a farm for defendant, the burden is on defendant to prove a subsequent agreement claimed by him fixing a minimum price at which the farm was to be resold, and which justified him in having it bid in by a by-bidder to prevent its being sold at less than that price.

2. Appeal and Error—Amount of Judgment for Broker Held Favorable to Owner.—In an action to recover the amount due plaintiff under an agreement for sharing the profits realized by purchase and resale of a farm, where plaintiff would have been entitled under the original agreement to more than $1,000.00, but alleged that he subsequently agreed to accept $750.00, defendant cannot complain of a judgment for $750.00, on the ground that the evidence was insufficient to establish the compromise agreement alleged by plaintiff.

3. Brokers—Evidence Held Not to Show Modification of Agreement Claimed by Owner.—Where defendant admitted an agreement under which plaintiff was to receive the net profits from a resale of a farm in excess of a stipulated price, but claimed a subsequent agreement whereby the profits would be divided equally among the plaintiff, defendant, and an auctioneer, an exhibit consisting of a paper containing figures made by both plaintiff and defendant, held not to corroborate defendant's testimony as to the modification of the agreement, so as to sustain the burden of proving such modification as against plaintiff's

denial and the improbability of his agreeing to such modification.

WALLACE MUIR and GEORGE W. VAUGHN for appellant.

GEORGE C. WEBB for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant Lisle bought and paid for three farms, under separate arrangements with Byars by which the latter was to prepare for sale and sell same. The matters in dispute here are the amounts due Byars for his services under these several arrangements, and which he claims to be as follows: On the Walker farm, $750.00, on the Campbell farm, $375.00, and on the Johnstone farm, a balance of $1,033.33. Several other items of indebtedness, not now in controversy, were asserted, and the action was brought and tried in equity without objection. Upon the trial, the chancellor gave Byars judgment for the amounts claimed with reference to the Walker and Johnstone farms, and for $250.00 on the Campbell farm, and it is of these findings of fact by the chancellor upon contradictory evidence that Lisle, by this appeal, is complaining.

As the amount allowed for the sale of the Campbell farm is less than Lisle by his answer admitted he owed Byars therefor, he cannot complain, and as Byars is not complaining thereof, that item is eliminated from further consideration.

Lisle paid $190.00 an acre for the Walker farm, and he admits an agreement with Byars and one Hedges, to whom he had conveyed a half-interest in the farm, by which Byars was to prepare same for sale and sell it at public auction, and the amount realized in excess of what he paid therefor was to be equally divided by the three; that Byars did considerable work on the farm getting it ready for sale, and then advertised and offered same for sale at public auction; that at that sale, it was bid in by a by-bidder, employed by him without Byars' knowledge or consent, at less than $225.00 an acre, and that, except therefor, it would have produced a profit of $3,742.00 for division among the three under their original agreement; and that he has paid Hedges $750.00 for his share in the profits and his interest in the land. But he denies that he agreed to pay Byars $750.00, or any other sum, for his share in the profits that would

have been realized had a sale been effected, and claims it was further agreed among them that the farm was not to be sold unless it brought $225.00 or more an acre, and that under this agreement he was authorized to protect the sale up to that price, and, as that price was not bid, he is not liable to Byars for any amount.

As to whether or not there was ever an agreement that the farm was not to be sold at less than $225.00, the burden was upon Lisle, but the proof very clearly sustains Byars. Hence, except for Byars' allegation in his pleading that he subsequently agreed to take $750.00 for his third of the profits that would have been realized if Lisle had not prevented a sale, he would have been entitled to recover, on this item, one-third of $3,742.00.

It follows, then, that even if we could agree with appellant's contention that appellee failed to sustain the burden of proof as to the alleged compromise agreement, which we are unable to do, he still ought not to complain of the amount he is required to pay Byars upon account of this transaction.

Lisle paid $250.00 an acre for the Johnston farm, and agreed that Byars should have all over $275.00 an acre, and same was sold for a net profit of $2,300.00. Byars employed an auctioneer by the name of Bowden, from Waycross, Georgia, to come to Lexington and cry the sale for him. After the sale, Lisle paid Bowden $766.66, and he paid Byars $600.00. Byars claims that the entire balance of the net profits, amounting to $1,-033.33, is due him, while Lisle claims there is yet due him on this transaction only $266.66, because of the fact —as alleged by him but denied by Byars—that upon the morning of the sale the original contract, by which Byars was to have all of the profit above $275.00 an acre and pay out of same the expense of the sale, was amended so that these profits were to be divided equally among Byars, Bowden and himself. The burden of proof of this alleged amendment of the original contract was upon Lisle, and upon this question there is no direct testimony, except that of Byars and himself, and we would not be authorized in reversing the judgment of the chancellor in accepting the testimony of Byars rather than Lisle, unless an exhibit filed by Byars with his testimony sustains Lisle, as he claims, rather than Byars.

This exhibit is a sheet of paper upon which there are three sets of figures, two made by Byars and the other

by Lisle, but these figures only show that $2,300.00 was divided by three, and to the quotient $766.66, Byars added $100.00 in one place, and to twice $766.66 he added $100.00 in another place. One of these results was $866.66, the other $1,633.32. He claims that the latter amount is the amount due him, while Lisle claims it is the former amount, and that this fact is conclusively established because Byars in one place added $100.00—which was expense money due him—to one-third of the net profits. But this contention ignores the fact that he added this same $100.00 to two-thirds of the profits, and this, he claims, is the amount due him.

The division of the net profits was made in order to ascertain how much was due Bowden, since all parties agree that this was one-third of the net profits, so that even according to Byars' figures, there is as much to support his contention as there is to support the much more unreasonable contention that, after having an agreement with Lisle for all of the profits over $275.00 an acre, which allowed a profit of $25.00 an acre to Lisle, Byars consented on the morning of the sale that Lisle might have, in addition to his own profit, one-third of that due Byars.

But disregarding these figures made by Byars, just below them Lisle subtracted the $766.66, which he paid Bowden for Byars, from $2,400.00, which was the gross profits, and included the $100.00 expense money paid by Byars, leaving a balance of $1,633.34, which is the amount that under the original agreement was due Byars, and which agrees with one set of the figures made by Byars on the same sheet of paper.

We are therefore of the opinion that this exhibit sustains rather than refutes Byars' contention, and that the court did not err in so holding.

Wherefore the judgment is affirmed.